P. W. AUSTIN and wife v. R. G. D. PICKLER, and another, Adm'rs.

*Contract—Burden of Proof of Non-performance.*

The burden of proving non-performance of conditions in an instrument
· rests upon him who seeks to enforce it; and hence, as here, there
being no evidence to show that the stipulations contained in the
bonds sued upon were not performed, the defendant administrators
are not chargeable and plaintiff cannot recover.

CIVIL ACTION tried upon exceptions to a referee's report, at
Fall Term, 1887, of STANLY Superior Court, before *Clark,
Judge.*

This action is brought upon the administration bond of
the defendants, R. G. D. Pickler and D. F. Pickler, to whom
letters had been issued, and their surety, I. M. Redwine, for
an account and settlement of the estate of R. G. D. Pickler,
Sen., deceased.

The complaint charges various derelictions in official duty,
their failure to return a full and correct inventory of the
estate, and especially the omission to return certain specified
notes under seal—the indirect purchase for his own benefit
by said R. G. D. Pickler, and an under value of land sold
by the administrators under an order of Court for conver-
sion into personal assets—and their neglect to render a final
account and pay to the relators the share of the funds which
the administrators have or ought to have in their hands.

The defendants in their answer deny most of the relators'
allegations, aver that the intestate's estate is insolvent, and
the assets are insufficient to meet its liabilities; they further
set up a small counter-claim.

The Court ordered a reference under *The Code* to the Clerk
to take and state the administration account.

The referee's report shows a balance of $268.77 in the

hands of the administrators, and a still outstanding indebtedness of $1,311.46.

The referee finds that there are four several promissory notes, under seal, each dated February 28th, 1883, executed respectively by the defendants R. G. D. Pickler and D. F. Pickler, and W. C. Pickler and J. P. Pickler, substantially in the same form, and one of which is as follows:

One day after date, I promise to pay R. G. D. Pickler, Sr., three hundred and seventy-five dollars, value received, eight per cent. int., and this note to be void at my death on the following conditions, that is: I, R. G. D. Pickler, Jr., agrees to pay me some money as I stand in need of it, and help me cultivate my farm for the benefit of my living my lifetime, and if the above obligations are not complied with this note is to be in full force and effect.

R. G. D. PICKLER, JR.   (Seal.)

February 28, 1883.

The administrators are charged with the amounts due on the four notes with interest, which reduced by the application of so much as was required to discharge the debts for which the estate was liable, left in their hands the sum of $767.09, to one-fifth part of which the referee finds the relators to be entitled.

The defendants except to the action of the referee in charging them with these notes, and to their being charged with the counter-claim, because it is upon an indebtedness of the whole estate, and not of the relators' share therein.

Upon the trial before the Court the exceptions were sustained, the account ordered to be reformed and when reformed confirmed, and judgment rendered for the defendants against the relator and the sureties to his prosecution bond for costs, including an allowance of $25 for the report.

Thereupon the relators appealed to this Court from the

ruling in reference to the notes, assenting to the correctness of the exception in reference to the counter-claim.

*Mr. J. W. Mauney,* for plaintiff.
No counsel *contra.*

SMITH, C. J., (after stating the case). The grounds of exception to the ruling of the Judge brought up for review are stated to be:

1. That there was no evidence that the notes were given for the tract of land in Davie county.

2. That no sufficient reason why the notes might not be collected has been shown.

3. That it does not appear upon the face of the notes that the relators could have no interest in them; and

4. That the relators do not seek to subject the lands in Davie county to sale.

The controversy concentrates upon the single question of the liability of the administrators upon the notes thus produced, and the solution of this inquiry disposes of the appeal.

The notes are carelessly drawn, and evidently the words "to be void at my death" have reference to the death of the obligee, as does the expression "help me cultivate my farm," as they proceed from the obligee, and are words improperly interjected into the instrument in which the obligor speaks, who alone executes it.

But enough remains to give it a legal character and effect as a penal bond with conditions of avoidance. If the money was furnished the testator as he needed and required, and the stipulated assistance given him in cultivating his farm, then the obligation running through his lifetime became void and inoperative.

Now, upon whom devolves the burden of proving a compliance or non-compliance with the conditions? In our

opinion, in analogy to the practice in suits upon bonds strictly penal, the plaintiff being required to assign breaches in the conditions, the validity of the bond should be shown by those seeking to enforce it.

"In an action on a penal bond, execution not being denied but performance pleaded on oyer and assignment of breach, the onus is with the plaintiff to show the breach." Bailey *Onus Probandi*, 272, citing 1 Sel. N. Pri., 485 and 437.

But the case is stronger than if upon a bond strictly penal and defeasable, for the party insisting upon its being in force to charge the administrators should show every fact necessary therefor. Assuming the conditions to have been fulfilled, and there is no proof or suggestion that any complaint of neglect was ever made by the deceased, the bonds became inoperative at his death by their very terms, and the Court, in the absence of any proof of conditions broken, or of any explanations, properly refused to charge the administrators with them.

The judgment must be affirmed and it is so ordered.

No error. Affirmed.